UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA L. BONANNO, individually,

    Plaintiff,

Case No.

8:17-CV-1163-T-33AAS

v.

NEW PENN FINANCIAL, LLC
D/B/A SHELLPOINT MORTGAGE
SERVICING, INC.,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Patricia L. Bonanno, by and through the undersigned counsel, hereby sues Defendant, New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, Inc., and alleges as follows:

## INTRODUCTION

1. Plaintiff, Patricia L. Bonanno, is suing the Defendant debt collector New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, Inc., because the Defendant harassed the Plaintiff for months with collection robo-calls.

2. Defendant persistently utilized a robo caller to call the Plaintiff's cellular and landline telephones, violating the Plaintiff's privacy rights afforded under federal law.

3. The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago*, 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to

TPA 043572

which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471(1980).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the instant action pursuant to 15 U.S.C. § 1692k (d) and 28 U.S.C. §1331, and pursuant to 28 U.S.C. § 1367 for pendant state law claims. Declaratory relief is available pursuant to 28 U.S.C. 2201-2202.

5. Plaintiff, Patricia L. Bonanno, brings this action to recover statutorily prescribed damages for acts on the part of Defendant in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, et seq., ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 et seq., ("FCCPA").

6. Venue in this district is proper because Defendant transacts business in this district and the conduct complaint of occurred within this district.

## PARTIES

7. Plaintiff is a natural person who resides in Inverness, Citrus County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

8. At all times material herein, Patricia Bonanno is a "debtor" or "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

9. At all times material herein, Plaintiff is a "person" as defined by the TCPA, 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

10. Defendant, New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, Inc., ("New Penn"), is a Delaware limited liability company that was engaged in the business of attempting to collect a "debt" from Plaintiff, by use of the mails and telephone, as defined by 15 U.S.C. § 1692a(6).

11. At all times material herein, the conduct of New Penn complained of below, occurred in Citrus County, Florida.

12. At all times material herein, New Penn is a "creditor" as defined by Fla. Stat. § 559.55(5) and 15 U.S.C. § 1692a(4). Specifically, New Penn attempted to collect a consumer debt related to a certain mortgage and promissory note.

13. At all times material herein, New Penn is a "debt collector" within the definition established by 15 U.S.C. § 1692(a)(6) and Fla. Stat. § 559.55(7). The principal purpose of New Penn is to collect, directly or indirectly, debts owed or due to another, using the mail and telephone.

14. New Penn is a "consumer collection agency" within the definition established by Fla. Stat. § 559.55(3) in that it is a business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts.

15. New Penn is a "person" within the meaning of the FCCPA, and in particular as it is used in Fla. Stat. § 559.72.

16. At all times material herein, New Penn's conduct with regard to the Debt, complained of below, qualifies as "communication" as defined by Fla. Stat. § 559.55(2) and 15 U.S.C. § 1692(a)(2).

17. At all times material herein, New Penn has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

18. At all times material herein, New Penn acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

## FACTUAL ALLEGATIONS

19. On March 23, 2009, Bank of America, N.A. recorded a Mortgage against Plaintiff, Patricia Bonanno's ("Bonanno") property by virtue of a Promissory Note dated February 20, 2009 (the "Debt", "consumer Debt", or "alleged Debt" as appropriate).

20. The Debt is a consumer debt incurred primarily for personal, household or family use as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

21. The Mortgage was purportedly subsequently assigned from Bank of America, N.A. to Federal National Mortgage Association ("FNMA").

22. On May 11, 2013, FNMA filed its verified complaint initiating a foreclosure action against Plaintiff entitled *Federal National Mortgage Assoc. v. Bonanno, et al.*, Case No. 2013-CA-00644 (Fifth Judicial Circuit, Citrus County, Florida) (the "Debt Collection Action").

23. On November 7, 2013, a representative or agent of FNMA contacted Bonanno for the purposes of collecting upon the alleged Debt. During said conversation Bonanno informed the representative that Bonanno was being represented by legal counsel with respect to the Debt, provided contact information for legal counsel, and

4

requested that all communications be directed to legal counsel, thereby withdrawing any consent to be contacted by FNMA or its agents.

24. Sometime thereafter, on or about April 27, 2015, Bonanno further retained Andrew Lyons, Esq., to represent her with respect to the Debt and defend the Debt Collection Action and related debt collection. Mr. Lyons filed his appearance as counsel on behalf of Bonanno with the relevant Court, and FNMA's legal counsel.

25. On or about December 10, 2015, Mr. Lyons filed an Answer and Affirmative Defenses on behalf of Bonanno in the Debt Collection Action, which contained language disputing the Debt pursuant to the FDCPA.

26. On or about May 2016, servicing of the Debt was purportedly subsequently transferred to New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, Inc. to collect on behalf of FNMA.

27. At the time of the transfer FNMA and its representatives, agents, or employees advised New Penn of the Debt Collection Action, advised New Penn that Bonanno is represented by legal counsel, provided contact information for legal counsel, and provided business records and servicing files to New Penn evidencing all of the aforementioned communications from Plaintiff or her legal counsel.

28. Sometime thereafter an agent or representative of New Penn, named Jessie, contacted Bonanno by telephone in an attempt to collect upon the alleged Debt. Bonanno again informed New Penn that she was represented by legal counsel with respect to the Debt and told them to communicate with her legal counsel; to which the

agent responded that New Penn would continue to contact Bonanno despite her legal representation unless Bonanno sent a written cease and desist letter to New Penn.

29. Notwithstanding Bonanno having retained legal counsel and New Penn having knowledge of this circumstance, New Penn has willfully, knowingly, and/or negligently contacted Bonanno directly on multiple occasions for the purposes of collecting on the consumer Debt on behalf of another.

30. Bonanno has been continuously represented by legal counsel with respect to the Debt from at least November 2013 to the present, and New Penn, and its predecessors in interest, have always had actual knowledge of Bonanno's representation by legal counsel at all times relevant hereto.

31. On at least three separate occasions New Penn, and its predecessors in interest, were informed directly by Bonanno or her legal counsel that Bonanno is represented with respect to the Debt and to cease and desist all communications directly with Bonanno.

32. Notwithstanding Bonanno having retained legal counsel and New Penn having knowledge of this circumstance, and having received a specific request to cease and desist all communications, New Penn has willfully and knowingly contacted Bonanno directly on multiple occasions for the purposes of collecting on the consumer Debt.

33. New Penn has contacted Bonanno by mail no less five times for the purposes of collecting on the alleged debt via mail, by requesting that Plaintiff pay a

certain amount of money by a date certain, assessing a late fee, and threatening to assess additional late fees if such amount is not paid by a date certain.

34. By charging or threatening to charge a late fee on a debt which has been accelerated since May 11, 2013, Defendant is claiming, attempting or threatening to assert the existence of a legal right to charge late fees on an accelerated consumer debt when Defendant has knowledge that such right does not exist.

35. As more specifically alleged below, New Penn made calls to Bonanno's cellular and home telephone numbers, 352-726-5922 and 352-586-0796, using an automatic telephone dialing system ("ADTS"), a predictive telephone dialing system ("PTDS"), or an artificial or pre-recorded voice ("APV").

36. At no time herein did New Penn have Bonanno's "prior express consent" to call her telephone numbers using an ATDS, PTDS, or APV.

37. Further, if New Penn contends it had such consent, such consent was revoked to make auto-dialed debt collection calls the moment New Penn was advised of Bonanno's representation by legal counsel with respect to the Debt and her request to cease and desist.

38. The aforementioned calls were not made for any "emergency purposes" as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

39. Pursuant to Bonanno's November 7, 2013; December 10, 2015; and March 2017 communications, Bonanno provided New Penn specific notice of Bonanno's representation by legal counsel with respect to the debt, withdraw of consent to be

contacted via her telephone, making these automated calls and prerecorded and/or synthesized messages to Bonanno's cellular telephone a willful violation of the TCPA.

40. All calls and messages attempting to collect on the consumer Debt were made in willful violation of the TCPA because New Penn knew it was making a calls to Bonanno's telephones, knew that the system used to make the call qualifies as an autodialer or used a prerecorded voice, and knew that it did not have consent to make the autodialed call.

41. Upon information and belief, New Penn used the services of a third party company to aid them in making all or some of the calls complained-of herein.

42. New Penn's repeated autodialed collection calls to Bonanno's cellular and home telephones, within the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

43. New Penn has actual knowledge of Bonanno having retained legal counsel to represent her with respect to this consumer debt; however, New Penn continued to contact Bonanno willfully, wantonly, maliciously, and negligently without regard to the effect on Bonanno.

44. New Penn's continued contact with Bonanno despite notice of legal representation and active litigation was a willful violation of the FCCPA, FDCPA and TCPA.

## DAMAGES

45. New Penn is subject to and has violated the provisions of the FDCPA, FCCPA and TCPA by willfully communicating with Bonanno by telephone and mail

with such frequency as can reasonably be expected to harass Bonanno –despite Bonanno's representation by legal counsel.

46. Specifically New Penn has acted maliciously by engaging in a course of conduct intended to harass Cummings.

47. As a direct and proximate result of the conduct and acts of New Penn mentioned above, Bonanno's excellent credit rating has been impaired and Bonanno has suffered damages as described by 15 U.S.C. § 1692 and Fla. Stat. § 559.77 including, but not limited to: statutory damages; actual damages in the form of emotional pain and suffering, fear of answering the phone, worry, stress, elevated blood pressure, embarrassment, humiliation, anxiety, anger, and shame, all to Bonanno's damage.

48. These autodialed collection calls have eliminated Bonanno's right to be left alone, the peace and solitude that Bonanno would otherwise have had, constitutes unauthorized use of and interferes with Bonanno's telephone services for which Bonanno paid money.

49. New Penn's persistent autodialed calls eliminated Bonanno right to be left alone.

50. These persistent autodialed collection calls eliminated the peace and solitude that the Bonanno would have otherwise had.

51. Bonanno was charged for each call that New Penn made to Bonanno's telephones.

52. Bonanno has incurred reasonable attorneys' fees in pursuit of this enforcement action, and will seek recovery of same against New Penn, and as allowed under Fla. Stat. § 559.77(2) and 15 U.S.C. 1692k.

53. All conditions precedent to the filing of this action have occurred or have been waived by the New Penn.

### *Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.*

54. Plaintiff re-alleges paragraphs 1-53 and incorporates the same by reference as if fully restated herein.

55. Plaintiff has been "the object of collection activity arising from consumer debt."

56. Defendant is subject to and has violated the provisions of 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff in connection with the collection of a debt when Defendant knew that Plaintiff was represented by legal counsel with respect to the Debt, and despite having legal counsel's contact information.

57. Defendant is subject to and has violated the provisions of 15 U.S.C. § 1692c(c) by communicating with Plaintiff despite Plaintiff's request to cease communications for purposes of collecting the Debt.

58. Defendant is subject to and has violated the provisions of 15 U.S.C. § 1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

59. Defendant engaged in an act or omission prohibited by 15 U.S.C. § 1692d(5) by causing Plaintiff's cellular telephone and residential land-line telephone to

ring or engaging Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass.

60. Defendant is also subject to and has violated 15 U.S.C. § 1692e(2)(A), 1692e(10) and 1692f(1), by falsely representing the character, amount, or legal status of the Debt in seeking to claim the existence of some legal right by seeking to assess a late charge on an accelerated debt.

61. Defendant engaged in an act or omission prohibited by 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff.

62. Defendant possessed actual knowledge of Plaintiff's representation by legal counsel with respect to the Debt and possessed actual knowledge of legal counsel's contact information.

63. Defendant received an express withdrawal of consent to contact Plaintiff directly by mails or telephone.

64. Despite the above referenced knowledge, Defendant sent Plaintiff at least five collection letters and placed multiple phone calls in its attempt to collect the Debt.

65. Defendant, directly or through agents, acted with actual malice or deliberate oppression, or willfully, or with such gross negligence as to indicate a wanton disregard of the rights of Plaintiff. Because Defendant's actions were intentional, willful or without regard for Plaintiff's rights, Plaintiff reserves the right to seek punitive damages upon the showing of evidence sufficient to form the basis of a claim for punitive damages.

66. As a direct and proximate cause of Defendant's actions Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k. Bonanno is entitled an award of up to $1,000.00 statutory damages against New Penn per independent, plus actual damages, and an award of attorneys' fees and costs to Bonanno should she prevail in this matter.

**WHEREFORE,** Plaintiff demands trial by jury and requests judgment:

a. Enjoining New Penn Financial, LLC from any and all further illegal collection practices;

b. Statutory damages of $1,000, plus actual damages;

c. For punitive damages;

d. For attorneys' fees and costs; and

e. For such other and further relief as the court deems appropriate.

### *Count II: Violation of the Telephone Consumer Protection Act*

67. Plaintiff re-alleges paragraphs 1-53 and incorporates the same by reference as if fully restated herein.

68. Within the four year period immediately preceding this action, the Defendant directly or through agents, has made numerous calls to Plaintiff's telephone numbers, without prior express consent and without an emergency purpose, using an automated dialing system, using an artificial or prerecorded voice, or using both; or has made such calls to a service for which the called party is charged for the call, in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

69. At no time herein did Defendant have Plaintiff's prior express consent to call Plaintiff on her cellular or landline telephones.

70. Further, even if Plaintiff did have such consent, such consent was revoked when Defendant was advised that Plaintiff was represented by legal counsel with respect to the Debt and when Plaintiff verbally and explicitly requested that Defendant stop calling her and revoked any prior express consent for Defendant to call Plaintiff's telephones using an ATDS, PTDS, or APV.

71. Despite the lack of any prior express consent, Defendant placed multiple calls to Plaintiff's telephones using an ATDS, PTDS, or APV.

72. The telephone calls complained of herein are the result of repeated, willful and knowing violation of the TCPA.

73. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

74. Plaintiff is also entitled to injunctive relief enjoining Defendant from further violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(a).

75. As described herein, Defendant employed business practices resulting in intentional harassment and abuse of Plaintiff and engaged in patterns of outrageous, abusive and harassing conduct by and through its agent and representatives in an effort to collect the above referenced Debt from Plaintiff.

76. These autodialed collection calls have eliminated Bonanno's right to be left alone, the peace and solitude that Bonanno would otherwise have had, constitutes

unauthorized use of and interferes with Bonanno's cellular telephone service for which Bonanno paid money.

77. The TCPA provides Plaintiff with a private right of action against Defendant for its violations of the TCPA, as described herein, pursuant to 47 U.S.C. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

78. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff demands trial by jury and requests judgment:

a. Enjoining New Penn Financial, LLC from any and all further calls to the Plaintiffs' cellular telephone using an automatic telephone dialing system

b. Statutory damages of $500 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for Plaintiffs;

c. Statutory damages of $1,500 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for Plaintiffs;

d. For compensatory damages and costs; and

e. For such other and further relief as the court deems appropriate.

### *Count III: Violation of the Florida Consumer Collection Practices Act, Fla. Stat. 559.72 et seq.*

79. Plaintiff re-alleges paragraphs 1-53 and incorporates the same by reference as if fully restated herein.

80. Plaintiff has been "the object of collection activity arising from consumer debt."

81. Defendant regularly engages in the collection of consumer debts.

82. At all times material hereto, Defendant was and is subject to and must abide by the law of Florida, including Fla. Stat. § 559.72.

83. Defendant is subject to and has violated the provisions of Fla. Stat. § 559.72(18) by communicating with Plaintiff in an attempt to collect a debt after being given actual notice that Plaintiff was represented by legal counsel with respect to the Debt, and Defendant had knowledge of the attorney's name and address.

84. Defendant has willfully communicated with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, and members of her family, in violation of Fla. Stat. § 559.72(7).

85. Defendant has engaged in other conduct which can reasonably be expected to abuse or harass Plaintiff, and members of her family, in violation of Fla. Stat. § 559.72(7).

86. Defendant has sought to claim, attempt, or threaten to enforce a debt which Defendant knows is not legitimate, or is asserting the existence of some legal right to collect upon a debt that is more than five years old, in violation of Fla. Stat. § 559.72(9), by seeking to assess a late charge on an accelerated debt.

87. Defendant, directly or through agents, acted with actual malice or deliberate oppression, or willfully, or with such gross negligence as to indicate a wanton disregard of the rights of Plaintiff, including Plaintiff's right to be left alone.

88. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as described by Fla. Stat. § 559.77, including but not limited to: statutory damages; actual damages in the form of emotional pain and suffering, fear of answering the phone, worry, stress, elevated blood pressure, embarrassment, humiliation, anxiety, anger, and shame, all to Bonanno's damage.

**WHEREFORE**, Plaintiff demands trial by jury and requests judgment:

a. Enjoining New Penn Financial, LLC from any and all further illegal collection practices;

b. Statutory damages of $1,000.00, plus actual damages;

c. For punitive damages;

d. For attorneys' fees and costs; and

e. For such other and further relief as the court deems appropriate.

Respectfully submitted,

THE LYONS LAW GROUP, P.A.

_____
Andrew M. Lyons, Esq.
Florida Bar No.: 0011288
andy@lyonslawgroup.com
Rebbecca A. Goodall, Esq.
Florida Bar No.: 0115344
rgoodall@lyonslawgroup.com
4103 Little Road
New Port Richey, FL 34655
(727) 375-8900
(727) 375-2334 (fax)
Email Service:
pleadings@lyonslawgroup.com
Attorneys for Plaintiff,
Patricia L. Bonanno